MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MARY A. CLARKE

        Plaintiff,　　　　　　　　　　**ANSWER**

      - against -　　　　　　　　　　　　Filed Electronically

UNITED STATES OF AMERICA,　　　　　　No. 07 Civ. 8450 (GEL) (HBP)

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      The defendant the United States of America (the "Government") by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

1.    Neither admits nor denies the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action.

2.    Neither admits nor denies the allegations in paragraph 2 of the complaint because they constitute statements of jurisdiction and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

3.    Neither admits nor denies the allegations in paragraph 3 of the complaint because they constitute statements of law to which no response is required.

        To the extent a response is required, the Government denies the allegations contained in this paragraph, except admits that plaintiff filed an administrative tort claim with the United States General Services Administration ("GSA"), dated August 16, 2006.

4. Neither admits nor denies the allegations in paragraph 4 of the complaint because they constitute conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, except admits that the GSA did not finally act on plaintiff's administrative tort claim within six months of receiving it.

5. Neither admits nor denies the allegations in paragraph 5 of the complaint because they constitute statements of jurisdiction and conclusions of law to which no response is required.

6. Neither admits nor denies the allegations in paragraph 6 of the complaint because they constitute statements of venue and conclusions of law to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Denies the allegations in paragraph 8 of the complaint, except admits that GSA is an executive agency of the Government with offices at 26 Federal Plaza, New York, New York.

9. Denies the allegations in paragraph 9 of the complaint, except admits that GSA is an executive agency of the Government with offices at 26 Federal

Plaza, New York, New York.

10. Admits the allegations in paragraph 10 of the complaint.

11. Denies the allegations in paragraph 11 of the complaint.

12. Denies the allegations in paragraph 12 of the complaint.

13. Denies the allegations in paragraph 13 of the complaint.

14. Denies the allegations in paragraph 14 of the complaint.

15. Denies the allegations in paragraph 15 of the complaint.

16. Denies the allegations in paragraph 16 of the complaint.

17. Denies the allegations in paragraph 17 of the complaint.

18. Denies the allegations in paragraph 18 of the complaint.

19. Denies the allegations in paragraph 19 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint.

22. Neither admits nor denies the allegations in paragraph 22 of the complaint because they constitute conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

23. Denies the allegations in paragraph 23 of the complaint.

24. The last, unnumbered paragraph in the complaint contains plaintiff's prayer for relief, to which no response is required.

## FIRST DEFENSE

25. Plaintiffs's claims are subject to, and limited by, the Federal Tort Claims Act,

28 U.S.C. §§ 1346(b), 2671-2860.

## SECOND DEFENSE

26. Neither the United States of America nor any of its agents or employees were negligent in any manner nor violated any duty of care owed to plaintiff.

## THIRD DEFENSE

27. Neither the United States of America nor any of its agents or employees had actual or constructive notice of the matters alleged in the complaint.

## FOURTH DEFENSE

28. The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

## FIFTH DEFENSE

29. In the event the Government is found to be negligent, which negligence the Government denies, the negligence of the plaintiff contributed to plaintiff's injuries and any recovery must be proportionately reduced.

## SIXTH DEFENSE

30. Plaintiff was guilty of culpable conduct in total diminution of her claim for damages.

## SEVENTH DEFENSE

31. Plaintiff's damages, if any, were due in whole or in part to the negligence or other acts of others, known or unknown, over whom the Government exercised no control.

## EIGHTH DEFENSE

32. Plaintiff had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint. The injuries alleged by the plaintiff were caused by and arose out of such risks.

## NINTH DEFENSE

33. Plaintiff's recovery, if any, is limited by N.Y. CPLR § 1601(1).

## TENTH DEFENSE

34. Any and all risks, hazards, defects and/or dangers alleged were in an open, obvious and apparent nature and were or should have been known to the plaintiff.

## ELEVENTH DEFENSE

35. Any and all risks, hazards, defects and/or dangers alleged were too trivial to be actionable as a matter of law.

## TWELFTH DEFENSE

36. Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. Civil Practice Law § 4545(c).

## THIRTEENTH DEFENSE

37. Plaintiff's recovery, if any, is limited to the amount administratively claimed, pursuant to 28 U.S.C. § 2675.

## FOURTEENTH DEFENSE

38. The Complaint fails to state a claim upon which relief can be granted

## FIFTEENTH DEFENSE

39. The Court lacks subject matter jurisdiction over portions of the complaint.

## SIXTEENTH DEFENSE

40. Plaintiff is not entitled to a trial by jury against the United States of America, pursuant to 28 U.S.C. § 2402.

WHEREFORE, the Government demands judgment dismissing the complaint with prejudice

Dated:   New York, New York
         December 13, 2007

>                    MICHAEL J. GARCIA
>                    United States Attorney
>                    Attorney for Defendant
>
> By:   /s/ Matthew L. Schwartz
>       MATTHEW L. SCHWARTZ
>       Assistant United States Attorney
>       Telephone: (212) 637-1945
>       Facsimile:  (212) 637-2750
>       E-mail:  matthew.schwartz@usdoj.gov